PREET BHARARA
United States Attorney for the
Southern District of New York
By:    STAN OKULA
        PAUL MONTELEONI
Assistant United States Attorneys
One St. Andrew's Plaza
New York, New York 10007
Telephone: (212) 637-1585/2219

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------  :

MARK GOLDBERG and                   :     UNITED STATES OF AMERICA'S
E & M MULTISERVICES, INC.,          :     MEMORANDUM OF LAW IN
                                     :     FURTHER   OPPOSITION   TO
             Petitioners,            :     PETITION TO RELEASE SEIZED
                                     :     PROPERTY   PURSUANT   TO   18
      -against-                      :     U.S.C. § 983(f)

UNITED STATES OF AMERICA,            :     12 Misc. 269 (Part I)

             Respondent.             :     ECF CASE

---------------------------------------------------

        The United States of America (the "Government"), by and through its attorney Preet

Bharara, United States Attorney for the Southern District of New York, respectfully submits this

memorandum of law in response to the second supplemental affirmation (the "Supplemental

Affirmation") submitted in support of the petition for the immediate release of seized funds filed

by Mark Goldberg ("Goldberg") and his company, E&M Multi Services, Inc. ("E&M")

(together, the "Petitioners").

        In the Supplemental Affirmation, counsel for Petitioners argues that 18 U.S.C. §

983(a)(3) imposes a 90-day deadline upon the Government to commence judicial forfeiture of

the approximately $403,915.61 seized on July 13, 2012 pursuant to a federal seizure warrant

issued the day before by the Honorable Andrew J. Peck, United States Magistrate Judge for the

Southern District of New York (the "Seized Funds").  The Supplemental Affirmation claims that

this 90-day period was triggered by the August 2, 2012 service on the Government of the Petition, and thus that because the Government has not commenced judicial forfeiture proceedings within the 90 days following this service, the Government is barred from commencing a civil forfeiture action.

The Petitioners are not entitled to the requested relief. Section 983(a)(3) simply does not apply where, as here, the Government has not commenced administrative forfeiture proceedings. In such situations, there is no statutory timeline, only the time limitations imposed by the constitutional requirement of due process. Moreover, even if Section 983(a)(3) were applicable, the time limit would not have run, because Section 983(a) gives the Government 60 days to determine whether or not to commence administrative forfeiture and send written notice, in addition to the 90 days upon filing of a claim (which does not start to run until after an administrative forfeiture is commenced, even if a would-be claimant files early), for a total of 150 days from the date of seizure. In cases where the Government does file an administrative forfeiture, the claimant cannot truncate that 150-day period by filing a claim early; here, where the statutory time limits do not even apply, the Court should not impose a shorter deadline. The Government intends to commence judicial forfeiture proceedings by November 19, 2012, or 129 days after the seizure warrant was executed. Accordingly, the Government will still be within the statutory time period that would have applied if the Government had chosen to send notice of administrative forfeiture proceedings 60 days after the seizure.

The statutory provision relied on by Petitioners does not apply to this case. Section 983(a)(1) of Title 18, United States Code, sets forth a 60-day period for the Government to send notice to interested parties in administrative forfeiture proceedings. 18 U.S.C. § 983(a)(1)(A)(i) ("*[I]n any nonjudicial civil forfeiture proceeding* under a civil forfeiture statute, with respect to

which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure." (emphasis added)).  Section 983(a)(2) then provides procedures for filing a claim in administrative forfeiture proceedings.  § 983(a)(2)(A) ("Any person claiming property *seized in a nonjudicial civil forfeiture proceeding* under a civil forfeiture statute may file a claim with the appropriate official after the seizure." (emphasis added)).  Section 983(a)(3), relied on by Petitioners, applies a 90-day deadline to commence judicial forfeiture proceedings after the filing of a claim described in Section 983(a)(2)—that is, a claim in an administrative forfeiture proceeding.  § 983(a)(3)(A) ("Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture . . . or return the property pending the filing of a complaint . . . .").

Courts have held that the 60-day and 90-day statutory deadlines set forth in Section 983(a) do not apply in cases where, as here, the Government has not chosen to initiate an administrative forfeiture proceeding.  *See United States* v. *1866.75 Board Feet and 11 Doors and Casings*, 587 F. Supp. 2d 740, 751-52 (E.D. Va. 2008) (holding that Section 983(a)(3) deadline applies only to actions that begin as administrative forfeitures), *aff'd sub nom. United States* v. *Thompson*, 332 F. App'x 882 (4th Cir. 2009); *United States* v. *Assets Described in "Attachment A"*, No. 6:09-cv-1852-Orl-28GJK, 2010 WL 1893327, at *6 (M.D. Fla. May 11, 2010) (holding that deadline in Section 983(a)(1) only applies to cases that begin as administrative forfeitures); *United States* v. *$147,900 in U.S. Currency*, No. 1:06CV197, 2009 WL 903356, at *4 (M.D.N.C. Mar. 31, 2009) (same, rejecting motion to dismiss based on 11-month delay), *rev'd on other grounds sub nom. United States* v. *Currency, U.S., $147,900*, 450 F. App'x 261 (4th Cir. 2011). Instead, where there is no administrative forfeiture proceeding, the timeliness of judicial

forfeiture proceedings is governed by the requirements of due process. *See Assets Described in "Attachment A"*, 2010 WL 1893327, at *6 (applying due process test to analyze timeliness of judicial forfeiture when no administrative forfeiture has been commenced); *$147,900 in U.S. Currency*, 2009 WL 903356, at *5 (same, finding that 11-month delay did not violate due process); *see also United States* v. *$8,850 in U.S. Currency*, 461 U.S. 555, 565-70 (1983) (setting forth four-factor due process standard, finding that 18-month delay in instituting judicial forfeiture proceedings satisfied due process); *cf. United States* v. *$3,924 in U.S. Currency*, No. 2:05-CV-998-PGC, 2006 WL 1982852, at *6 (D. Utah July 13, 2006) (upholding timeliness of complaint filed over 90 days after claim under due process test, noting that claimant could have filed claim earlier). Accordingly, the statutory deadlines relied on by the Supplemental Affirmation simply do not apply.

Even under the administrative forfeiture deadlines set forth in Section 983(a), moreover, the Government would have 60 days to send notice of administrative forfeiture and then a 90-day period from the receipt of a claim, for a total of 150 days from seizure. A would-be claimant cannot shorten the initial 60-day period by filing a claim before notice of the seizure is sent. *See United States* v. *$200,255 in U.S. Currency*, No. 7:05-CV-27 (HL), 2006 WL 1687774, at *4 (M.D. Ga. 2006) (holding that claim filed before notice of administrative forfeiture does not trigger 90-day deadline). If the Government in this case had chosen to forfeit the Seized Funds administratively, it could have sent notice up to 60 days after the seizure, and would have thereafter had up to 90 days after the filing of a claim to commence judicial forfeiture proceedings, and Petitioners would not be able to accelerate these deadlines by premature filing of a claim. Had the Government chosen to proceed administratively, it could thus have had until December 10, 2012 to initiate judicial forfeiture. The Government, though not bound by these

statutory deadlines, intends to commence judicial forfeiture before that date. It should not now be penalized for not choosing to begin an administrative forfeiture.

**CONCLUSION**

For the foregoing reasons, and those stated in the Government's initial Response, the Court should dismiss the Petition in its entirety without prejudice to renewal of the *Monsanto* motion at the appropriate time.

Dated: New York, New York
      November 16, 2012

                                      Respectfully submitted,

                                        PREET BHARARA
                                        United States Attorney

By:                                 
                                        STANLEY J. OKULA
                                        PAUL MONTELEONI
                                        Assistant United States Attorneys

**CERTIFICATE OF SERVICE**

PAUL M. MONTELEONI deposes and says that he is employed in the Office of the United States Attorney for the Southern District of New York.

That on November 16, 2012, he caused a copy of the attached memorandum to be sent to all counsel of record via the Court's ECF system.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Paul M. Monteleoni

Executed on:      November 16, 2012
                 New York, New York